The opinion of the Court was delivered by
Carpenter, J.
The first reason urged for setting aside the order of the commissioner and the ea. sa. issued thereon, is on account of the supposed want of authority in the commissioner to make the order. There seems to be nothing in that objection. The statute expressly places the power to make an order for the award of a capias ad satisfaciendum, under certain circumstances and in certain cases provided for in the act, in commissioners of bail and affidavits, as well as .in any one of the justices of the Supreme Court. The only question in the case is, whether the order was legally and properly made, on satisfactory proof of the facts necessary to authorize such proceeding. The act of the 9th of March, 1842 prescribes the circumstances and conditions under which a ea. sa. may be awarded or issued, upon any judgment founded upon contract express or implied. It is only upon satisfactory proof either, first, that the defendant is about to remove any of his property out of the jurisdiction of the court, with intent to defraud his creditors: or secondly, that the defendant has property or rights in action which he fraudulently conceals: or thirdly, that he has assigned, removed, or disposed of, or is about to assign, remove or dispose of any of his property, with the intent to defraud his creditors: or lastly, that the defendant has rights or credits, moneys or effects, either in his own possession or in the possession of any other person or persons to his use, to the value of fifty dollars or over, which he unlawfully or unjustly refuses to apply in payment of such judgment. The award or order of the justice of the Supreme Court or commissioner, before whom such proof, of all or any of the said particulars shall have been made, shall be certified by him, and with the affidavits, shall be filed in the office of the clerk of the court in which the judgment, to be proceeded on, has been obtained.
The order for the issuing of the ea. sa. in this case was made by a commissioner to take bail and affidavits in the Supreme *366 Court, and the affidavits, upon which the order was founded, accompany the order and have been brought up with this Certiorari. The proceedings in question were before the adoption of the present constitution and remain unaffected by any operation which that instrument may have upon the act of the 9th of March, 1842.
The order states that “ satisfactory proofs by affidavits being made to the commissioner, that George Wire the defendant in the above stated judgment, has property in his own possession, and in the possession of other persons for his use, which he fraudulently coneeals, and which he unlawfully and, unjustly refuses to apply in payment of the said judgment; and that he has removed and disposed of certain of his property with intent to defraud his creditors, &c.” It is urged that the demand, necessarily implied by the words “refuses to apply in payment of such judgment,” is not merely a personal demand of the creditor. That a mere judgment creditor is not authorized by a personal demand to require the delivery to him of the debtor’s property, upon the creditor’s own terms, to be by him credited on the judgment at his own prices ; the hardship of which course of proceeding may be readily appreciated; but that the demand must be by execution. That a fieri facias should be issued upon the judgment, and the debtor be required by demand founded upon authority of law, to deliver to the officer his property, the disposal of which is then readily made in the mode pointed out by law. That until the issuing of such writ of fieri facias, no demand can be made upon the defendant, which will bring him within the operation of this statute. That in this case no writ of fieri facias did issue, but that it appears by the affidavits that the demand was a mere personal demand, made by one of the plaintiffs upon the defendant, and that such demand being insufficient, the order founded thereon should be set aside. There is great force in the reasons urged in favor of this construction of the statute; at any rate in regard to property subject to levy and sale under writs of fieri facias. The order, however, is not founded solely upon that subdivision of the statute, under which a demand is supposed to be necessary, but embraces other particulars. By the express words of the statute the order may be made and the *367 ca. 8a. issued, upon satisfactory proof establishing the particulars specified in either of the subdivisions of the act, and relating to the point in question. If therefore, there be proof satisfactory to the commissioner, either of the fraudulent concealment of the defendant’s property : or that he has removed and disposed of any of his property with the intent to defraud his creditors, the proceedings must be supported. The proof is to be to the satisfaction of the commissioner, or justice of the Supreme Court, as the case may be, and the legality of the evidence and its applicability to prove these facts may be reviewed in this court, but its weight and credibility rest with the commissioner. If there be any evidence from which such inferences can be legally drawn, his decision is conclusive.
In this case I have examined the affidavits taken before the commissioner, and am of opinion that they show such facts that the commissioner might legally infer fraud and consider them proof of the fraudulent concealment and removal of his goods by the defendant, with intent on his part to defraud his creditors. The declarations of the defendant to one witness, shortly before the sheriff’s sale, that he was about to break, and that it was necessary to save something ; that he was. selling things to his son, was making a bill of sale and wished the deponent to witness it: the testimony of another witness, then lately the clerk of the defendant, as to the removal by the defendant from his store, shortly before the sheriff’s sale, of a large amount of goods which were taken towards the house of the defendant, and some of which the witness saw taken into the said house, and none of which were produced at the sheriff’s sale, nor then sold ; and other facts and circumstances of a similar character, tending to produce the belief of fraudulent concealment, but to which, for the present purpose it is not necessary more particularly to advert: this -was legal and competent evidence for the purpose of proving such fraudulent concealment and removal; and having been certified by the commissioner to be satisfactory to him, its weight or credibility will not be reviewed by this court.
Let the order of the commissioner be affirmed.
Cited in Hill ads. Hunt, Spenc. 480; Bowne v. Titus & Scudder, 1 Vr. 343.